Marshall, C. J.,
 

 concurring. The legal question involved in this controversy is not a new one in this court. The same general principle has been involved in several cases, but the identical principle was involved in the case of
 
 Berry
 
 v.
 
 City of Columbus,
 
 104 Ohio St., 607, 136 N. E., 824. That case was disposed of upon a journal entry, in which five members of this court concurred. There have been three changes in the personnel of this court since that decision was rendered on
 
 *401
 
 February 14, 1922, and at this time, after three changes in the court, six members concur in upholding the principles of the
 
 Berry case,,
 
 resulting in a denial of the writ of mandamus in the instant case. While I did not agree with the majority view in the
 
 Berry case,
 
 and do not yet feel convinced of the soundness of the conclusions reached, it seems that the principle involved has become settled by repeated decisions, and should not only remain settled, but be accepted by all the members of this court, as it must be accepted by the bench and bar of Ohio generally. In the instant case there is a clear conflict between certain provisions of the charter of the city of Youngstown, relating to the procedure for improvement of streets, and the provisions of the General Code, relating to the same subject. It was decided in the
 
 Berry case
 
 that the charter provisions must yield to the statutes. In the interest of greater stability, and feeling that it is of the utmost importance that this question should be definitely settled, so that municipalities may no longer entertain any doubt concerning the same, I have decided to concur with the majority in this ease, thereby mating the decision unanimous, and shall concur upon similar principles in future cases. If this unanimous judgment is contrary to the wishes of the people, another constitutional amendment will now be in order, whereby their wishes may be more clearly expressed.